## INDUSTRIAL COMMISSION v MURPHY

Ohio Appeals, 2nd Dist, Franklin Co

No. 2144. Decided 1932

Gilbert Bettman, Attorney General, and Donald A. Hoskins, Prosecuting Attorney, Columbus, and J. E. Bowman, Assistant Prosecuting Attorney, Columbus, for plaintiff in error.

John K. Kennedy, Columbus, and Joseph W. Horner, Columbus, for defendant in error.

BY THE COURT

We have examined the bill of exceptions and find that there was no error in the rulings of the trial court upon the admissibility of evidence. We find also that the trial court did not err in refusing to give the special charge nor was there error in the general charge of the court. The remaining question relates to the sufficiency of the evidence.

Murphy testified that he had been employed by the city of Columbus continuously for twelve years; that late in the afternoon of January 3, 1930, in the course of his employment he was lifting some heavy mud from the street and throwing it into the trucks; that in the course of this employment he felt an injury in the region of the stomach and abdomen and that after having completed this work he attempted to get on the truck and fell down on the tools, that subsequently he was taken home and after calling a physician he was taken to the hospital where he remained for twelve days. The question is one of fact as to whether this alleged injury was one within the contemplation of the Industrial Commission Act. The Industrial Commission Act does not limit the nature of the injury to an accident nor does it describe the injury for which compensation is to be awarded as an accidental injury. The only question is whether the injury is of sufficient importance and of such a nature as to justify compensation under the statute.

This injury was sufficient to cause Murphy to suffer the injury to his stomach and intestines immediately following the service and caused him to employ a physician and to be confined in the hospital for a period of twelve days. The question is whether it arose out of the employment of Murphy and was an injury resulting therefrom. The testimony of the doctors indicates by their answers to hypothetical questions that his injury arose from such employment. Mr. Murphy's own testimony tends to show that the injury resulted from his employment and we find that such injury has a causal connection with his employment. The case of **Industrial Commission v Tripsansky, 119 Oh St, 594**, sustains the judgment in the present case. Under the doctrine of this case the judgment of the Court of Common Pleas will be sustained. Judgment affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.