## STEWART et v STATE ex FULTON

Ohio Appeals, 2nd Dist, Fayette Co

No 221. Decided Feb 1, 1935

Fred Postle, Columbus, for plaintiff in error Laura V. Bates.

Hugh Huntington, Columbus, Ray Maddux, Washington Court House, and Judge MacBride, for I. J. Fulton, Superintendent of Banks.

## OPINION

**By HORNBECK, PJ.**

The error claimed by Laura V. Bates is that the court erred in sustaining the motion of the plaintiff for a directed verdict. She insists that she took title to the real estate which she purchased under the first deed from the assignee; that she did not assume and agree to pay the mortgage to the Bank; that she had no knowledge that her second deed so provided and that upon the whole record the question whether or not she assumed the mortgage was one of fact which should have been presented to the jury.

The trial court held that the confirmation of sale was a judgment, binding upon the purchaser; that it specifically provided for the assumption of the mortgage by the purchaser and that it could not be collaterally attacked. With this conclusion we are in accord.

The test which must be applied to this judgment is whether or not reasonable minds could differ in determining the ultimate effect of the probative facts. **Hamden Lodge, etc. v The Ohio Fuel Gas Co., 127 Oh St 469.** So tested we are satisfied that the verdict was properly directed.

It appears that the first deed was not made in accord with the confirmation of sale and order of deed to the purchaser. The second deed conformed thereto. The purchaser had an interest in the order of confirmation of sale to the extent that if it did not accord with the terms upon which the purchase was to be made the court's attention could have been drawn to the particulars wherein variance appeared.

Under §11118 GC the court was specifically authorized to order the property sold at private sale "either for cash, or upon such other terms as the court orders."

Sec 11121 GC authorizes the Probate Court after examination of the report of sale of the assignee: "if satisfied that the sale has been legally made," to confirm it and order the assignee to make a deed to the purchaser for the estate sold. "In the order it also may require that before de-

livery of such deed the deferred installments of the purchase money be secured by mortgage." This latter provision was not specifically observed but in that which was done the purchaser was not put in any worse position respecting her rights than if she had been required to give a mortgage. She did not elect to pay cash. She did assume and agree to pay the balance of the purchase price after the cash payment as is evidenced by the amount of her bid.

The time and place to have questioned the obligation of the purchaser to assume and agree to pay the mortgage indebtedness was in the Probate Court when and after such entry was made. Such objection should have been addressed to the judgment of confirmation and order to the assignee to make the deed.

"The court has power in a proper case to release a purchaser from his bid, * * * where the application made before confirmation." 35 C.J 87; "and the rule applies even after confirmation in case of fraud." Hickson v Rucker, 77 Va. 135; "or for excusable mistake." Norton v Taylor et, (Neb.) 53 NW 481; Redd v Dyer (Va.) 2 SE 283.

In general relief will be granted purchaser for any cause "that renders it unjust or unconscientious to insist upon the performance of the contract." 35 C.J. 88.

In Podesta v Binns, 69 N. J. Eq. 387; 60 Atl. 815, relief was granted to the purchaser when he was misled or deceived by some apparent adjudication of the court and it was inequitable to enforce against him. The court has the widest discretionary power to protect a purchaser in his rights incident to the terms upon which he agreed to purchase the real estate but as said in 24 O. Jur., §80:

"The final order of confirmation, having the effect of a final conclusive judgment, cures all such irregularities, misconduct, and unfairness in making of the sale, departures from the provisions of the decree of sale, and errors in the decree and the proceedings under it; and, if the court had jurisdiction and the officer the authority to sell, it makes the sale valid as against collateral attack, even though irregular and voidable before, and though grounds sufficient to prevent confirmation existed."

A final judgment may be attacked collaterally only for want of jurisdiction and for fraud. The answer of the defendant Laura V. Bates does not assign fraud, which is always an affirmative defense. If

this action merely proceeded upon the contract between the Bank and Laura V. Bates, independent of the intervention of the court by its judgment of confirmation, then clearly the issue on assumption of mortgage would be drawn upon the pleadings by the general denial. But the difficulty which confronted Laura V. Bates in the instant cause was the action of the court to which, as purchaser, she must be said to have been in the status of a party.

We are cited to **Wolfe & Son v Volrath, 59 Oh St 540** to the effect that the confirmation of a judicial sale relates back to the date of sale and passes title as of that day. Granting that this is true Mrs. Bates could not be heard in a collateral proceeding to assert by a general denial of the averments of the petition that the terms of the sale were different from those set forth in the judgment entry of confirmation which ordered the deed.

**Strong v Strong, 42 Oh St 53** is authority for the proposition that an executor or administrator (at the time of the decision) in proceedings for the sale of real estate to pay debts where the same is encumbered by mortgages or other liens the Probate Court is not authorized to make an order to sell the real estate subject to the mortgage or to the liens. This decision was predicated upon the express language of the statute, under which the action to sell was instituted.

We believe the Probate Court in the instant cause has jurisdiction to order the deed to be made upon the terms appearing in the entry of confirmation.

We have also examined **C. & Ky. So. R. R. Co. v C. N. O. & T. P. Ry., 6 O.N.S. 427** and are satisfied that it is not in conflict with this decision. Distinction may be made between the cited and the instant case because of the fact that there the objection to the confirmation went to that which was sold instead of the terms upon which it was sold.

The judgment also is right because it only obligated the defendant to pay that which admittedly she agreed to pay as of the date of the sale, namely $4,001.00. Of that sum there has been paid but $403.60. The remainder thereof with interest was owing.

Although we have not discussed all the errors assigned, we have considered them and find none appearing which were prejudicial to the rights of Mrs. Bates.

Judgment affirmed.

KUNKLE and BARNES, JJ, concur.