**TINKER v
FIRESTONE TIRE & RUBBER CO**

Ohio Appeals, 9th Dist, Summit Co

No 2469. Decided March 26, 1935

Brouse, Englebeck, McDowell, May & Bierce, Akron, for plaintiff in error.

Rockwell, Grant, Doolittle, Thomas & Buckingham, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Article II, §35, of the Constitution of Ohio, provides:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed * * *."

Sec 1465-68, GC, passed in pursuance of the above constitutional authority, provides:

"Every employe * * * who is injured * * * in the course of employment, wheresoever such injury has occurred, provided the same was not purposely self-inflicted, * * * shall be entitled to receive * * * such compensation * * * as provided by §§1465-79 to 1465-87 GC, inclusive."

The Supreme Court of Ohio, in **Industrial Comm. v Franken, 126 Oh St 299,** has construed the term "injury" as used in the Workmen's Compensation law of Ohio, as follows:

"2. The term 'injury' as used in the Workmen's Compensation Law of Ohio comprehends only such injuries as are accidental in their origin and cause."

The question here presented, then, is whether the plaintiff's disability resulted from an accidental physical injury, sustained in the course of plaintiff's employment.

As stated by Chief Justice Weygandt in **Spicer Mfg. Co. v Tucker, 127 Oh St 421,** the question assumes three phases:

1. Did plaintiff receive a physical "injury?"

2. If so, was it sustained in the course of his employment?

3. Was it "accidental"?

It cannot be doubted, from the testimony disclosed by this record, that the first two questions must be answered in the affirmative.

"Injury" is defined in Webster's New International Dictionary as "1. Damage or hurt done to or suffered by a person or thing * * *. 2. An act which damages, harms, or hurts; also a hurt or damage sustained; as, they suffered severe injuries."

Damage or hurt done to the brachial plexus would thus come clearly within the definition of "injury," as above set out; and that plaintiff's injury was sustained in the course of his employment is clearly disclosed by the record.

Whether or not the injury was "accidental," as that term has been judicially defined, is a more difficult question.

28 R.C.L., "Workmen's Compensation Acts," §81, discusses the term "accident" as follows:

"While there has been a great deal of discussion as to the import of the term 'accident,' in the phrase 'personal injury by accident arising out of' the employment, it is evident that the word must be taken to be descriptive of the mental state of the employee at the time of the calamity. An 'accident' is something which is unforseen, and, as has been noted, the element of the event being unforseen by the plaintiff forms the basis of every right of recovery. * * * The word in question is employed in contradistinction to the expression 'wilful misconduct,' which is found ordinarily in the same section or paragraph of the statute. Construing the British statute, Lord Mac-Naughten, in the leading case of Fenton v J. Thorley & Co. (1903) A. C. 443, said: 'The expression "accident" is used in the public and ordinary sense of the word, as denoting an unlooked for event which is not expected or designed.' Lord Wrenbury says that 'accident' means 'some mishap unforseen and unexpected.' And Judge Siebecker of the Wisconsin court says that 'accidental' contemplates 'an event not within one's foresight and expectation, resulting in a mishap causing injury to the employee.' (Venner v New Dells Lumber Co., 161 Wis. 370, 154 NW 640, L.R.A. 1916A 273, Ann Cas. 1918B 293). Again, Mr. Justice Poung of the New York court says that the statute contemplates injuries 'not expected or designed by the workman himself.' (Heitz v Ruppert, 218 N. Y. 148, 112 NE 750, L.R.A. 1917A 344). * * *"

Baldwin's Century Edition of Bouvier's Law Dictionary, under the heading of "Accidental Injury," states the following:

"If an injury was unforseen, unexpected, not brought about through any agency designedly, or was without foresight, or was a casualty, or mishap not intended to befall one, then the occurrence was 'accidental.' 99 Ky. 445, 36 SW 170."

And under the heading of "Accidental," it is stated that—

"The term 'accidental,' used in its ordinary, popular sense, means 'happening by chance; unexpectedly taking place; not according to the usual course of things;' or not as expected. 131 U. S. 109."

The evidence in the record discloses that the occurrence in question was not the result of a gradual impairment or wearing out of the injured part, but on the contrary was a thing which happened with suddenness as a result of the muscular effort in-

cident to the performance of plaintiff's duties, and resulted immediately in a total disability of his left arm and shoulder.

That it was unexpected, unforseen, and not brought about designedly by plaintiff, is apparent from the evidence, as also is the fact that the result was not according to the usual course of things, for plaintiff had been performing virtually the same kind of work for four years previously, without any such happening, or warning thereof, and it was not a wearing out but a sudden and complete giving out of his arm and shoulder while under strain.

We are of the opinion that, judged by the liberal standards required to be indulged in favor of employees (**Industrial Comm. v Weigandt, 102 Oh St 1**), the question of whether or not plaintiff's injury was accidental within the meaning of that term, as the same has been defined by our Supreme Court in Spicer Mfg. Co. v Tucker, supra, and as defined in the other cases hereinbefore cited, was a question for determination by the jury.

That conclusion requires a reversal of the judgment entered below.

Judgment reversed and cause remanded.

FUNK, PJ, and WASHBURN, J, concur in judgment.