## CORNETT v INDUSTRIAL COMMISSION

Ohio Appeals, 1st Dist, Butler Co

No 667. Decided Nov 7, 1935

Fred J. Schatzman, for plaintiff in error. John W. Bricker, Columbus, R. R. Zurmehly, Columbus, and Paul A. Baden, Hamilton, for defendant in error.

## OPINION

**By HAMILTON, J.**

We gather from a statement in the record that the motion was granted on the theory

that the plaintiff had failed to prove his case. The motion, as stated by the trial court, was as follows:

"Defendant made a motion asking the court to direct a verdict in favor of the defendant on the grounds the plaintiff did not show cause whereby the plaintiff should not be allowed compensation."

We, therefore, take the view that what was intended by the motion for a directed verdict was that the proof was not sufficient to take the case to the jury.

Plaintiff testified that he had been an employe of the John Arpp Company for a long time, and that at the time of the claimed injury he was engaged in working for that company regularly, and that three other men employees worked with him. We quote from the record:

"Q. Describe just what sort of work you were doing. A. Well we were putting in a 14 inch, a valve in a 14 inch exhaust line and I was pulling on some nuts, those nuts that goes through the valve wall, the flanges, and was pulling on those nuts to tighten them up and I braced my foot against a concrete pier and I put a piece of pipe agin my shoulder and set my foot agin the pier and straightened out with it to put enough power on that to tighten that nut and when I straightened out there I felt something tear loose, just for about two or three seconds it felt like a lump of ice, real cold for just awhile, see, well three or four seconds, then it commenced stinging and burning."

Then the claimant described in answers to questions the suffering and the injury, and the surgical and medical treatment by two physicians. He is supported in his testimony as to the manner of the injury by his fellow workmen.

It has been decided that a strain causing hernia is compensable. Certainly if that be the law, a strain injuring the shoulder, and tearing loose some ligaments or other parts, is compensable.

Counsel for the Industrial Commission in this case constantly refer to the injury as a tubercular gland, which necessarily must have arisen by reason of a prior injury. This statement is not borne out by the evidence. In fact the evidence is to the contrary, in so far as a tubercular condition is concerned. On cross-examination of the physician by counsel for the Commission, the doctor testified as follows:

"Q. What was your diagnosis of the condition after December 20, 1930?

A. It was an injury to the same location.

Q. I mean the disease that he had, what was your medical term?

A. It was a deep cervical adenitis.

Q. Anything else connected with it— was it tubercular adenitis?

A. No, not tubercular."

Enough has been stated to show that the case should have been submitted to the jury on the facts under proper instructions of the court.

The judgment will be reversed and the cause remanded for a new trial and for further proceedings according to law.

ROSS, PJ, and MATTHEWS, J, concur.