## DAVIS v AMERICAN ROLLING MILL CO

Ohio Appeals, 1st Dist, Butler Co

No 698.   Decided Oct 26, 1936

C. W. Elliott, Middletown, for appellee.
B. F. Harwitz, Middletown, for appellant.

### OPINION

By ROSS, PJ.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Butler County.

The appellee sought compensation for an accidental injury incurred when lifting a quantity of iron ore.   It appears that he had for a number of years been employed by the appellant and that his duties required him to assist in lifting iron ore into charging pans.   The pieces of ore varied in weight, some, as in the case of the quantity in question weighed over two hundred pounds.   Nothing apparently of an unusual nature which was visible happened in connection with the actual lifting of the iron.   It was not extraordinarily heavy, nothing slipped, there was no sudden shifting of weight.   It simply appears that the appellee helped to lift the metal and put

it in the pan, and as he straightened up from a bending posture after putting the ore in the pan, felt a sudden catch in his back near the kidney, fell over in a semi-conscious condition, became partially blind, and lay for some thirty minutes before being able to move. The appellee was from this time on partially disabled, could do no work, was compelled to frequently urinate, passed blood, and suffered pain in the region of the kidneys.

The medical testimony shows that the injury to the kidney could have been caused by a sudden muscular compression of the kidney. There is evidence that the injury was caused by a sudden unusual, unexpected, and severe pressure, within the body of the claimant. At the time of the injury he was working on the night shift. After the injury he took a bus to go to his home, although it was but a short distance from his place of employment, some four hundred yards. He again took a bus to the restaurant where he secured his breakfast. This distance also he usually walked. He was taken to his rooming house from the restaurant by a friend in his automobile. At his home he noticed a swelling in the vicinity of his kidneys. The appellee made immediate mention of his injury to his fellow employees.

From the evidence of the appellant it appeared that a crane was provided to lift large pieces of ore. The superintendent stated he had never seen claimant lift heavy pieces of ore, and that appellee had made no complaint to him. The medical testimony of the appellant negatived the existence of an injury to the kidneys, and placed the responsibility for claimant's condition upon a diseased gall bladder.

The evidence is in conflict in many respects, and is not as clear upon the nature of the injury as could be desired. However, there is in our opinion sufficient evidence upon each point necessary to be established by claimant to ▮▮▮▮▮▮ ▮ raise a jury question. The verdict may not therefore be disturbed upon the weight of the evidence.

We have considered the several assignments of error and find upon examination of the record nothing which we consider error prejudicial to the appellant requiring a reversal of the judgment.

One criticism of the general charge demands more than passing comment. The court charged as follows:

"Plaintiff alleges he received an accidental injury on the 21st day of April, 1931,

Defendant admits that at the time said injury is alleged to have been received the plaintiff was employed by the defendant and was working in the course of his employment. So the only question for your determination is: Did the plaintiff on the 21st day of April, 1931, receive an accidental injury and was the accidental injury, if any was received, the proximate cause of his physical condition of which he complains?

"An accidental injury is one unforseen, unexpected and unintended.

"Plaintiff alleges that while he was in the act of lifting a lump of iron ore he was required to stoop and to resume an erect position immediately thereafter; in so doing plaintiff's body and muscles and organs thereof came into a position which upon plaintiff's attempting to assume an erect position accidentally caused a sudden, extreme and unusual pressure and strain upon plaintiff's kidneys and thereby injured and lacerated the tissues and blood vessels thereof. That would be an accidental injury within the meaning of the law, and if the plaintiff has proven by a preponderance of the evidence that he received such an accidental injury and that such injury was the proximate cause of his physical disability, if any there be, then he would be entitled to your verdict.

"But the burden of proof is upon the plaintiff to prove these facts by a preponderance of the evidence, both that he received an accidental injury on April 21st, 1931, while working at defendant's mill, and that such accidental injury is the proximate cause of his disability, if any there be."

Taking the charge of the court with the special charges given for the appellant, our conclusion is that the jury could not have been misled. Many of the special charges were drafted so as to constitute an extreme extension of rules adverse to the claimant. The portion of the charge quoted raises a question as to what is law and what is fact.

While parties to any litigation are limited in pleadings to the allegations of ultimate or operative facts, show-▮▮▮▮▮▮ ▮ ing the existence of a right and its violation, they are bound to establish these ultimate facts by proof of probative or evidentiary facts. **Winzeler, etc. v Knox, etc., 109 Oh St, 503, 508, 509. Arnold v Arnold, 110 Oh St, 416.** These latter, they may not allege. Neither may the right itself be alleged, since this is

a conclusion of law. **Hadfield-Penfield Steel Co. v Sheller, etc., 108 Oh St, 106.** The existence of the operative facts shows authoritatively whether any law is involved, whether a right exists, and whether it has been violated.

The question presented by the charge is whether the court may instruct the jury as a matter of law that the proof of certain probative or evidentiary facts establishes the existence of the ultimate operative facts.

In the instant case one of the ultimate or operative facts was that the claimant had sustained an "accidental injury." To establish this, it was necessary in view of the authorities to produce evidence (probative facts) that the injury  was incurred by reason of some "happening" of an extreme, severe, unusual, unexpected and sudden character.

That this happening need not be apparent, visible, or exterior to the body of claimant has been repeatedly held in many cases. **42 Ohio Jur. 625, 651.** See also: **Cincinnati Street Ry. v Clock, 50 Oh Ap, 139, (19 Abs 57); Cornett v Industrial Commission, 20 Abs 364.**

The court therefore merely told the jury what evidentiary facts were necessary in order to establish the existence of the operative fact—an accidental injury which coupled with resultant disability causally connected invokes the right—the law of compensation.

Many operative facts are so intimately connected with the related conclusion of law that it is difficult to differentiate between what is ultimate fact and conclusion of law. However, courts are constantly and properly instructing juries what facts constitute negligence, agency, ownership, possession and trespass. That these charges may be so worded as to include a statement of the legal right invoked as well as the ultimate fact to be established is beside the point. There are such ultimate facts involved and the court, as in the instant case, is justified if not required to state what probative facts are necessary to establish proof of the ultimate fact.

We, therefore, approve this portion of the charge. The fact that the court mentioned the evidentiary facts alleged in the petition is also beside the point.

Pleadings in cases involving workmen's compensation must, under the terms of the act, receive the greatest liberality in their consideration. Good pleading would exclude many of the facts alleged. In the absence of motions, their allegation is not subject to criticism.

Our conclusion is that in view of the severity of many of the appellant's special charges, the generally fair character of the general charge, the conflict in the evidence, and the peculiar and unusual nature of the injury involved that the trial presents a situation where substantial justice has been extended to the parties and no error, prejudicial to the appellant has intervened.

The judgment is affirmed.

MATTHEWS, J, concurs.