## MURPHY v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2708. Decided Nov 14, 1936

John K. Kennedy, Columbus, and Joseph W. Horner, Columbus, for appellee.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst. Prosecuting Atty., Columbus, for appellant.

## OPINION

By HORNBECK, J.

James M. Murphy, appellee's decedent, in his lifetime was an employee of the City of Columbus as a common laborer. The brief of appellant correctly states the facts:

"On January 3, 1930, while shoveling mud and pitching the same into a truck he felt a pain in his abdomen. This happened about 15 minutes before quitting time but be continued working until time to quit, when he climbed upon the truck and among the tools thrown thereon, and was driven to the city where the barn and tool house were located. On his way to the city he suffered much with this abdominal pain, and on reaching the barns, he climbed from the truck and was taken to his home by fellow workmen."

When the truck upon which Mr. Murphy was riding reached the city yards at the completion of the day's work he was unable to alight and was carried from it by several workmen.

At the time of the occurrence heretofore stated Mr. Murphy was 68 years of age, in good health, five feet eight inches tall, and weighed about 200 pounds. A physician was consulted after Mr. Murphy's injury, when he was found to be suffering from a disease of the heart and blood vessels, which was diagnosed as having been caused by an acute hemorrhagic pancreatitis or a hemorrhage into the pancreas. He also was found to be suffering from arteriosclerosis.

Mr. Murphy did not again return to his work and died some two years after his injury. The evidence supported the claim of the plaintiff that the injury from which her decedent suffered was a contributing cause of his death.

Upon his death his widow, the appellee, made application to the Commission for an award, which was refused and rehearing upon the refusal denied. Upon appeal to the Common Pleas Court verdict was returned for the appellee and judgment entered on the verdict. From this judgment an appeal on questions of law is prosecuted.

Upon this record the appellant raises two questions of law: First, did the petition allege or the facts show that plaintiff's decedent suffered an accidental injury which caused or contributed to cause his death? Second, error in the charge of the court.

The first claim of the Commission is that it was not alleged nor does it appear that the injury suffered by Mr. Murphy was accidental or "fortuitous," as the brief of counsel for the Commission puts it.

That the injury upon which an award is made by the Commission, either to an employee or to his decedents if it results in his death must be accidental in origin has been specifically held by our Supreme Court in the second syllabus of **Industrial Commission v Franken, 126 Oh St 299.**

An accidental injury has been defined as "a sudden, unexpected injury not according to the usual course of things." The term is not difficult of definition but its application to facts arising in Industrial Commission cases has been most difficult, indeed. This court has passed upon many cases wherein the question was expressly raised, notably, Industrial Commission v Franken, supra; **Industrial Commission v Crawford, 126 Oh St 379,** viewed in the Supreme Court, and **Industrial Commission v Middleton, 126 Oh St 212,** viewed in the Supreme Court. As recently as February of this year we had occasion to consider and discuss the facts in the above-entitled cases and all of the recent authorities in the Supreme Court and Court of Appeals of Ohio definitive of accidental injury. The case to which we refer is the **Industrial Commission of Ohio v John Luger, No. 1338, unreported, Montgomery County, 22 Abs 20.** We shall not again discuss these cases but refer counsel to the opinion, which is in the hands of counsel for the Commission and a copy of which, if desired, is available to counsel for

the appellee at our office in Franklin County.

This court formerly had the facts in this case when error was prosecuted from a judgment for Mr. Murphy on an appeal to the Common Pleas Court from the refusal of the Commission to permit him to share in the benefits of the insurance fund by reason of the injury of which he then complained. **Industrial Commission v Murphy,** unreported, No. 2044, Franklin County, decided January 26, 1932, **12 Abs 720.** We then supported the judgment of the Common Pleas Court and Judge Allread in the opinion stated that:

"The question is one of fact as to whether this alleged injury was one within the contemplation of the Industrial Commission Act. The Industrial Commission Act does not limit the nature of the injury to an accident, nor does it describe the injury for which compensation is to be awarded as an accidental injury."

The statement that the Act itself does not limit the injury for which compensation is to be made is correct. The requirement that the injury shall be accidental in origin and cause is the creature of judicial interpretation. The cases cited in Commission v Franken, supra, mark the distinction between "disease" and "injury." See particularly the opinion of E. J. Nichols in the middle of page 313. **Commission v Brown, 92 Oh St 309.**

In **Spicer Mfg. Company v Tinker, 127 Oh St 421,** Judge Weygandt quotes and adopts a definition of accidental injury. This definition would classify the injury in the instant cause as accidental in origin.

In **Tinker v Firestone Tire & Rubber Co., 19 Abs 227,** a judgment for Tinker was affirmed. It appeared that Tinker was employed as a mill worker and had been so employed for four years prior to the injury complained of.

"While performing his usual duties, which required strenuous pulling of stock from mill rolls with his left hand and arm, plaintiff damaged his brachial plexus, which immediately resulted in loss of use of plaintiff's left arm, with subsequent atrophy of the deltoid muscle, and the infra and supra spinatus muscles.

"There was no external trauma resulting from a blow or sudden jerk * * *."

Upon this record there is evidence tending to show that the injury from which

Mr. Murphy died was traumatic in origin and that the trauma must have occurred while he was in the act of shovelling wet dirt into a truck; that the shovel used was large for the heavy material being loaded and that each shovel full had to be raised to a height of about four feet to dump it.

We are of opinion that there was an issue of fact whether or not Mr. Murphy's death was caused by an accidental injury.

The judgment of the trial court will be affirmed.

BARNES, PJ, and BODEY, J, concur.