## MATEZAK v GOODYEAR TIRE & RUBBER CO.

Ohio Appeals, 9th District
Summit County.

No. 3320. Decided June 24, 1940.

John H. Jarboe, Akron, and C. L. Becker, Akron, for appellee.

W. E. deBruin, Akron, and R. E. Sheldon, Akron, for appellant.

### OPINION

PER CURIAM:

The Industrial Commission of Ohio having, upon rehearing, denied the plaintiff (appellee) the right to participate in the Workmen's Compensation fund, appeal to the Court of Common Pleas from that order was duly perfected. Trial to a jury in the Court of Common Pleas of Summit county resulted in a verdict and judgment in favor of the plaintiff (appellee), and the matter is now before this court as an appeal on questions of law.

The record discloses these facts:

That plaintiff, Nick Matezak, while an employee of the Goodyear Tire & Rubber Co., was working at his regular employment in the lampblack department on the night of December 19, 1938. That one of his duties consisted of taking bags of lampblack and lampblack dust and lifting them to a platform about three feet from the floor, from which platform they were dumped into a sifting machine. That while lifting one of the heavier of said bags of lampblack dust from the floor to the platform, plaintiff injured his back, from which injury it is alleged he developed a condition of myositis and fibrositis.

These errors are assigned in this court:

1. That the trial court erred in failing to arrest the testimony from the jury and direct a verdict for the defendant.

2. Errors in the introduction and exclusion of evidence.

We have carefully read and considered the entire record in this case.

In support of the contention made by the appellee that the judgment of the trial court should be affirmed, reliance has been placed upon the case of Tinker v Firestone, 19 Abs 227, decided by this court.

In that case this court in effect applied the construction of the law contended for by the appellee in this case. Soon after the decision of that case, another Court of Appeals applied the construction of the law contended for by appellant herein, and this latter case was certified to the Supreme Court as being in conflict with the case of Tinker v Firestone.

The Supreme Court of Ohio disposed of that case—Goodman v Industrial Comm., 135 Oh St 81—

by applying the construction of the law contended for by the appellant in this case, which is that, in order for an injury to be considered as accidental under the Workmen's Compensation law, it is necessary that the means by which the injury was caused should be accidental, rather than that the result of the injury should be accidental.

This court, being a tribunal subordinate to the Supreme Court, as stated by Judge Shauck in State, ex rel. Widner, v Bowersock, Probate Judge, 1 C. C. 127, at p. 129, "ought not to reason itself into insubordination." We are bound to administer the law according to the construction placed thereon by the Supreme Court of Ohio, and we therefore hold that the injury in this case was not caused by accidental means.

A consideration which strengthens that conclusion is that, in our opinion, the medical testimony indicates that the condition of plaintiff's back was due to disease rather than injury resulting from any unusual condition or manner of performance of plaintiff's work.

We are of the opinion that the trial court should have sustained the motion of the appellant made at the conclusion of all of the evidence to direct a verdict for the defendant; and this court, proceeding now to render the judgment which the trial court should have rendered, orders that final judgment in favor of the appellant be entered.

The foregoing conclusion makes unnecessary a discussion of the other error assigned.

Reversed and final judgment for defendant (appellant).

WASHBURN, PJ., DOYLE, J., & STEVENS, J., concur.