## PARLETTO v INDUST. COMM.

Ohio Appeals, 1st Dist, Hamilton Co

No 6051.   Decided Dec 8, 1941

John H. Druffel, Jr., Cincinnati, for appellee.

Thomas H. Herbert, Columbus; E. P. Felker, Columbus, and Robert E. Hall, for appellant.

## OPINION

By ROSS, J.

This is an appeal on questions of law from a judgment of the Court of Common Pleas of Hamilton County wherein a demurrer to the petition was overruled; the defendant not desiring to plead further.

In the petition it is stated:

"Plaintiff says that on the 19th day of August, 1940, he was in the employ of the City of Cincinnati, a municipal corporation, and that at all times the City of Cincinnati was a subscriber to the state insurance fund and had complied with the Workmen's Compensation Laws of Ohio; that on said date plaintiff, while in the course of his employment, was required to lift a sack of cement weighing approximately 94 pounds from the floor of a shed located in the Gilbert Avenue yards of the City of Cincinnati. Plaintiff was required to carry said sack of cement to a waiting truck and while attempting to throw the sack of cement onto the truck suffered a pain in his right side which was later diagnosed as an inguinal hernia."

This language is subject to criticism, in that there is no direct allegation that the injury was sustained in the course of and grew out of the employment. Strictly construed, the use of the word while does not cover such necessary allegations. However, it is stated in the first paragraph of the syllabus of **Guardian Life Ins. Co., etc. v Ceser, 128 Oh St 200:**

"For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom."

The serious contention of the defendant is that there is no allegation of facts in the petition showing the existence of an accidental injury suffered because of and as a result of the employment.

We are content to conform to our former positions taken in the cases of: **Cincinnati Street Ry. Co. v Clock, 50 Oh Ap 139; Davis v American Rolling Mill Co., 54 Oh Ap 298; Cornett v Industrial Commission, 20 Abs 364.** See also: **Phillips v Industrial Commission of Ohio, 57 Oh Ap 10; Murphy v Industrial Commission, 23 Abs 358; Industrial Commission of Ohio v Luger,**

**54 Oh Ap 148; Industrial Commission of Ohio v Polcen, 121 Oh St 377.** Some mention is made of the effect of the amendment to §1465-68, defining the term injury. The accident in question here occurred subsequent to the effective date of the amendment, and our conception of this case is in thorough accord with the spirit of the amendment.

The judgment is affirmed.

HAMILTON, J., concurs.

MATTHEWS, PJ., Concurring:

The only requirement of the law is, that an injury be sustained in the course, and arising out, of the employment.

That inguinal hernia is a damaged or injured condition of the body as distinguished from a diseased condition may be taken as conceded.

That this hernia developed or occurred in the course of the employment is clearly alleged.

That the employee was required to lift and throw this sack of cement weighing 94 pounds upon the truck is also clearly alleged.

That exposure to risk of such an injury incident to such work was peculiar to the employment and different and greater than the risks to which members of the public not so employed would be exposed is also clear. That establishes the causal relation between the employment and the injury. Such being the case, the petition alleges that the injury arose out of the employment with sufficient clarity to make it good against a general demurrer.