## CLAUSS v CINCINNATI (city)

Ohio Appeals, 1st Dist.,
Hamilton Co.

No. 6151. Decided July 13, 1942.

Henry L. Walsh, Cincinnati, and
Frank K. Bowman, Cincinnati, for
appellant.

John D. Ellis, Cincinnati, and
Nathan Solinger, Cincinnati, for
appellee.

### OPINION

By ROSS, J.

Appeal on questions of law from
a judgment of the court of com-

mon pleas of Hamilton county, wherein that court reversed the judgment of the Municipal Court of Cincinnati.

From the entry, it appears that the common pleas court considered only the Bill of Particulars and the demurrer thereto. It is difficult to determine just what action the court finally took. It is, however, apparent that the court did not consider that the defendant had answered that a trial was had and that the real error of which complaint was made was the overruling of the motion non obstante veredicto.

No bill of exceptions was presented to the court of common pleas. Reference to the docket and journal entries of the Municipal Court of Cincinnati develops that that court overruled a demurrer to the Bill of Particulars. The defendant filed a statement of defense, in substance a general denial. Trial was had, judgment was given for the plaintiff. Motion for new trial and non obstante veredicto were filed and overruled and judgment again entered for plaintiff.

The motion non obstante veredicto was from its terms predicated solely upon the ground the bill of particulars did not state a cause of action.

The action was based upon a claim that the City unlawfully destroyed a building upon the property of the plaintiff, following a severe flood. which caused another building to crash against that of plaintiff, and that the City removed and appropriated the materials in said building so destroyed by the city employes.

The demurrer to the bill of particulars and the motion non obstante both attack the bill of particulars on the ground that in the bill of particulars the plaintiff fails to state a cause of action, in

that it is not stated that the city acted in committing the torts charged in a proprietary capacity. The plaintiff in his bill of particulars alleges

"Plaintiff further says that on or about May 15th, 1939, the exact date this plaintiff is, for want of information, unable to state, defendant, by and through the employees and agents of it, entered upon the premises of plaintiff and tore down and demolished the building of plaintiff and removed, carted away and confiscated all the brick, stone and other building materials of said building.

"Plaintiff further says defendant instituted no condemnation proceedings, nor any lawful proceedings whereby it obtained the legal right to tear down said building and appropriate and confiscate the building materials, as aforesaid, nor did it give this plaintiff notice of its intention so to do, in violation of the laws of the state of Ohio and the ordinances of the City of Cincinnati made and provided in such cases.

"Plaintiff further says that at all times referred to herein, the employees and agents of defendant were acting within the scope of their employment and agency."

Considering that the common pleas court rendered judgment for the defendant upon the ground that the trial court should have granted the motion non obstante veredicto which requires the exercise of a liberal construction of that entry, we are confronted with the primary question of whether such action was justified. Certainly, the common pleas court had no right to treat the case before it as if the defendant had stood upon its demurrer to the bill of particulars and appealed therefrom. Had it done so, it could have confined

the plaintiff strictly to the allegations contained in the bill of particulars. Having answered, it took its chances that the plaintiff might amend during trial or bring in evidence which would justify an amendment at any time thereafter to conform to proof. There being no bill of exceptions, neither the common pleas court nor this court is aware that such action did not occur, that proof of the proprietary action of the City was not shown. There was no duty on the plaintiff to take a bill of exceptions, as the defendant was the appellant in the common pleas court and it was its duty to show not only that error in the trial court intervened, but that such error was prejudicial to it, and that substantial justice was not done. How can a reviewing court comply with the mandate of §11364 GC and "disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party" in the absence of a bill of exceptions which would have shown whether the alleged inadequate allegations of the bill of particulars was really prejudicial?

That the bill of particulars was subject to motion to make definite and certain may not be denied. No such motion was made. The language used was capable of including both proprietary and governmental action. Ultimate facts could have been alleged showing such action to have been proprietary in character.

Strict pleading is not required in the Municipal Court. **McCurdy v Stevens, 30 Oh Ap 545.** On the contrary, such pleadings are liberally construed. **The Main Cloak & Suit Co. v Rosenbaum, et al., 42 Oh Ap 12.**

The law applicable to construction of pleadings generally requires a liberal construction when they are tested by a demurrer or its equivalent. In **Guardian Life Ins. Co. v Veser, 128 Oh St 200,** the first paragraph of the syllabus is:

"For the purpose of testing the legal sufficiency of a pleading, a demurrer admits not only the proper and well-pleaded factual allegations thereof, but also the fair, reasonable and favorable intendments and inferences arising therefrom."

See also: **Vogt v Industrial Commission of Ohio, 66 Oh Ap 216, 220; Haefner, Admr. v First Nat'l. Bank of Elmwood Place, 67 Oh Ap 213, 215; Parletto v Industrial Commission, 35 Abs 278; Belmont Branch Bank v Durbin, Fisk, et al., 2 Ohio Dec. Rep., 372, 374.** It appears such has been the rule in Ohio for many years. In **Bethel v Woodworth, 11 Oh St 393,** the 2nd paragraph of the syllabus is:

"That a defective statement in the petition of the cause of action, is not a cause for reversal of the judgment, if the facts stated in the petition, when well stated constitute a cause of action."

Especially after judgment, every reasonable inference of regularity must be extended such judgment, and, in the absence of an affirmative showing of prejudicial error, every reasonable intendment must be made in support of such judgment.

The first paragraph of the syllabus in **Yocum, Admr. v Allen, 58 Oh St 280,** is:

"Where, in a cause pending in the court of common pleas a demurrer to a petition has been overruled, and upon issues made by an-

swer and reply, the case has been tried to a jury and a verdict and judgment for plaintiff rendered, this court will not reverse the judgment, even though satisfied that the demurrer ought to have been sustained, provided it also appears, upon a consideration of the whole record, that the overruling of the demurrer was an error which was not prejudicial to the adverse party."

In Ross Construction Co. v Aleshire, 15 Ohio Abs 682, at 685, it is said:

"At this stage of the proceeding after the cause has' been submitted to a jury, verdict and judgment had, it is the obligation of the reviewing court to support the sufficiency of the pleadings if it can be done."

In Ferguson v Deuble, 27 Ohio Abs 533, the 10th paragraph of the syllabus is:

"When a litigant does not elect to stand on the pleadings but goes to trial, and a case is made against him, not only should great liberality exist in permission to amend the petition to conform to proof, even in the reviewing court, but such defects or omission are usually said to be cured by the proof of the necessary facts."

See also: Shoemaker, et al v Standard Oil Co., 135 Oh St 262; Pure Oil Co. v Kindall, 116 Oh St 188; Mattison v First National Bank of Bellevue, et al., 87 Oh St 470; Bean v Green, 33 Oh St 444, 452, 453; Dayton Insurance Co. v Kelly, 24 Oh St 345; Clark v Clark, 20 Oh St 128, 136; Trimble v Doty, 16 Oh St 118, 129; Scottwood Realty Co. v Bowman, 21 Oh Ap 244, 246; Barrett v W. S. Goff Co., 11 Ohio Abs 323; Ferguson v Miami Powder Co.,

9 O. C. C. 445, 447; Trepanier v Toledo & Ohio Cent. Rd. Co., 5 Ohio Law Abs 596.

That the provisions of §11601 GC, have an entirely different application as amended from that formerly extant before it became effective is apparent from recent cases considering such section. In Yackee, Admx. v Village of Napoleon, 135 Oh St 344, at 359, the court say:

"While §11601 GC, providing for judgment notwithstanding the verdict, was amended, effective September 2, 1935, so as to permit the court upon such motion to give consideration to the evidence as well as to the pleadings, it did not become applicable in the trial of this case which was pending before the amendment became effective, because of §26 GC, which provides that the amendment of a statute shall not affect the remedy impending actions unless expressly provided for in the amendment itself, and there was no such provision in this amendment.

"The court, therefore, in considering the motion for judgment, notwithstanding the verdict, was limited to the consideration of the pleadings and the findings of the jury, and could not look to the evidence."

See also: Wheeling & Lake Erie Rd. v Richter, 131 Oh St 533; J. & F. Harig Co. v City of Cincinnati, 61 Oh Ap 314, 319; Woolley v Fell, 24 Ohio Abs 324; Spayd Bros., v Black-Clawson Co., 24 Ohio Abs 584.

It may well be that a petition is so defective that it is apparent that no cause of action could be stated upon the facts alleged as where therein is stated facts upon which a claim is based for which the public policy of the state will not permit relief. In such case, the

evidence could not affect the pleading in favor of the plaintiff. Such a petition is considered in **Trimble v Doty, 16 Oh St 118, supra.** That such a defect may be reached at any time even in a reviewing court is clear. **Yood v Daly, et al., 37 Oh St 574, 576.** We find no such defect in the bill of particulars with which we are here concerned.

The Supreme Court has held that "when a decision is made by the trial court on the evidence, and judgment entered accordingly, errors previously committed in passing upon demurrers to pleadings are unavailing unless prejudicial." **Schaeffer v Bank, 134 Oh St 511, at 515.**

It seems clear, therefore, that if a defect exists in an initial pleading, which defect might have been cured during the trial and the reviewing court is denied the opportunity to inspect the proceedings at the trial by the failure of the appellant to present a bill of exceptions, that the appellant may not complain if such reviewing court indulge the plaintiff with the presumptions, inferences, and intendments to which, from the authorities noted, he is entitled upon the consideration of the entire record presented.

Thus viewing the matter, it does not appear that such a defect existed in the Bill of Particulars in this case as would require the trial court to have granted the motion non obstante, even though a demurrer to the bill of particulars was overruled erroneously, in view of the facts that such trial court had before it the evidence and proceedings which were not presented to the court of review. Had such a record been presented, the contentions of the defendant might well have been sustained. We are unable to so find and we consider the common pleas court in acting as a reviewing court did not have a proper predicate for its action in reversing the Municipal Court of Cincinnati.

The judgment of the common pleas court is, therefore, reversed, and that of the Municipal Court of Cincinnati affirmed.

MATTHEWS, PJ., concurs.